UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-21627-CIV-UNGARO

DENISE KABA,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    THIS CAUSE was tried to the bench during the week of May 9, 2011. Having considered and weighed the evidence, the undersigned makes the following findings and legal conclusions.

1. On August 22, 2009, Plaintiff, Denise Kaba, slipped and fell while a passenger aboard the *M/V Carnival Pride*.

2. The parties stipulate that Defendant, Carnival Corporation, was at fault, and is legally responsible for any resulting loss, injury, or damage, including Plaintiff's loss of earnings, past and future medical expenses, and non-economic damages.

3. As a result of the slip and fall, Plaintiff suffered a fractured patella.

4. Plaintiff was treated aboard the ship and, on September 1, 2009, at the Orthopedic Institute of Central New Jersey (the "Institute") where she was diagnosed with a displaced and comminuted fracture of her patella.

5. On September 2, 2009, Plaintiff underwent open reduction, internal fixation of her patellar fracture. Plaintiff was then placed in a knee immobilizer and discharged home from the Institute.

6. Plaintiff's treating physician, Dr. Sclafani, continued to care for Plaintiff and completed additional operative procedures on December 8, 2009, January 22, 2010, March 10, 2010, and March 24, 2010.  Due to post-surgical anthrofibrotic scar tissue, infra-patellar contracture syndrome, and patella baja syndrome, Plaintiff was referred by Dr. Sclafani to Dr. Wickiewiscz at the Hospital for Special Surgery in New York City.

7. On June 10, 2010, Dr. Wickiewiscz recommended excision of her patello-femoral mechanism and replacement of with an entire patella tendon, and tibial tubercle allograft. And on September 29, 2010, Plaintiff underwent cadaver allograft patellar tendon replacement at the Hospital for Special Surgery.

8. Plaintiff continues to be under the care of her treating physicians and continues to participate in physical therapy as rehabilitation from the operative procedures.  Plaintiff now suffers from Complex Regional Pain Syndrome.

9. Plaintiff has reached maximum medical improvement.

10. Plaintiff continues to suffer from pain and discomfort, which she treats with prescription pain management medication as needed.

### Plaintiff's Loss of Earning Capacity

11. Prior to her accident, Plaintiff had not been employed for almost thirty years.  Rather, Plaintiff focused her time and efforts at rasing her children and making a home.

12. Prior to her accident, Plaintiff had no definitive plan for her return to employment, but did have general plans to return to the work force once her children reached a certain age, so that her and her husband would have more security in their "retirement years."  The Court denies Defendants' Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50 with respect to Plaintiff's claims for loss of earnings capacity.

      However, the Court finds from the totality of the evidence that Plaintiff would not have pursued even the possibility of employment for at least four years from the date of trial because, as with her other children, she would choose to remain at home to provide care, supervision and guidance for her youngest child who is presently 12 years old.

13. Based on the evidence, the Court finds that the net present value of Plaintiff's loss of earnings capacity is **$170,483.00.**

## Plaintiff's Past and Future Medical Expenses

14. Plaintiff has incurred extensive medical expenses as a result of her patella injury.
15. Plaintiff will need future medical care for the treatment of her patella injury.
16. In addition, Plaintiff will require a total knee replacement in approximately five years and a refurbishment of that replace knee within fifteen years thereof.
17. Based on the evidence, the Court finds that:
    a. Plaintiff's past medical expenses are **$221,910.55.**
    b. The net present value of Plaintiff's future medical expenses is **$373,564.00.**

## Plaintiff's Past and Future Non-Economic Damages

18. Plaintiff has suffered severe pain and will continue to suffer significant pain in the future as a result of her patella injury.
19. Further, Plaintiff's capacity to enjoy life has been diminished, and there are many activities in which she can never again partake as a result of her patella injury.
20. Based on the evidence,
    a. Plaintiff's past non-economic damages amount to **$200,000.00.**
    b. Based on the evidence, Plaintiff's future non-economic damages amount to **$1,960,000.00.**

**Pre-Judgment Interest**

21. Plaintiff's total damage award is **$2,925,957.55**.

22. "It is the general rule of this Circuit to award pre-judgment interest in admiralty cases." *Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks Marine Constr. Co.*, 338 F.3d 1276, 1279 (11th Cir. 2003). "Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his." *Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11h Cir. 1990). "The Court has discretion to deny pre-judgment interest only when "peculiar circumstances" make it inequitable for the losing party to pay pre-judgment interest." *Id.*

23. Plaintiff was injured on August 22, 2009 and filed the instant action on May 19, 2010. Thus, the Court will only award nine (9) months of pre-judgment interest from the date of injury.

24. Based on the evidence at trial, the Court finds that the monthly United States prime rate from August 2009 through May 2011 was, in chronological order: 1.17%, 1.17%, 1.17%, 1.17%, 1.17%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.63%, 1.14%, 1.14%, 1.14%, 1.14%, and 1.14%. Thus, the average prime rate during the relevant period was **1.41%.**

25. Employing the relevant average prime rate, the amount of simple pre-judgment interest to which Plaintiff is entitled per annum for the one year and nine months from the date of injury is **$72,198.15**.

**Conclusion**

26. Denise Kaba is entitled to a judgment in her favor against Carnival Corporation in the amount of **$170,483.00** for lost earning capacity from the date of trial.

27. Denise Kaba is entitled to a judgment in her favor against Carnival Corporation in the amount of **$221,910.55** for past medical expenses.

28. Denise Kaba is entitled to a judgment in her favor against Carnival Corporation in the amount of **$373,564.00** for future medical expenses.

29. Denise Kaba is entitled to a judgment in her favor against Carnival Corporation in the amount of **$2,160,000.00** for past and future non-economic damages.

30. Denise Kaba is entitled to a judgment in her favor against Carnival Corporation in the amount of **$72,198.15** in pre-judgment interest.

DONE AND ORDERED in Chambers in Miami, Florida, this _13th__ day of May 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copied provided: counsel of record